IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00731-REB-MEH

RONALD J. NAGIM,

    Plaintiff,

v.

JOSEPH E. ABRAHAM, III,

    Defendant.

## RECOMMENDATION

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant's Motion to Dismiss [filed March 31, 2011; docket #6] and Plaintiff's Motion to Remand Case [filed April 4, 2011; docket #9]. The motions are referred to this Court for recommendation. (Dockets ##7, 10.) The matters are not briefed; however, the legal precedent governing these issues is clear, and the Court does not require additional briefing by the parties.[1] For the reasons stated below, the Court hereby **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED** and Defendant's Motion to Dismiss be **DENIED AS MOOT**.[2]

---

[1] A judicial officer may rule on a motion at any time after it is filed. D.C. Colo. LCivR 7.1C.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

**I.      Background**

Plaintiff initiated this lawsuit in Arapahoe County District Court, Colorado, on February 23, 2011. (Docket #1-1.) It appears to the Court from Plaintiff's *pro se* complaint that Plaintiff alleges claims of defamation and slander against Defendant. (*See id.*) Plaintiff requests $25,000 and "any Punitive damages" [sic]. (*Id.* at 8.) On the state civil case cover sheet, Plaintiff selected the simplified procedure, indicating he does not seek a monetary judgment in excess of $100,000. (*Id.* at 1.)

Defendant removed this action on March 23, 2011, on the basis of diversity jurisdiction. (Docket #1.) Defendant attests that complete diversity exists between the parties because Plaintiff "claims" to be a citizen of the State of Colorado, and Defendant is a citizen of the State of Louisiana. (*Id.* at 2.) Defendant represents that the amount in controversy exceeds $75,000, as Plaintiff seeks damages in the amount of $25,000 plus an unspecified amount for punitive damages. (*Id.*) Defendant attached no evidentiary materials to the notice of removal, other than the state court documents. (*See* docket #1.)

Defendant responded to Plaintiff's complaint with a motion to dismiss on March 31, 2011, presently pending before the Court. (Docket #6.) Plaintiff then filed his motion to remand on April 4, 2011, asserting that Defendant has not satisfied his burden of demonstrating an adequate amount in controversy. (Docket #9 at 1.) The Court agrees.

**II.     Legal Standard**

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. "The courts must rigorously enforce Congress' intent to restrict

---

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

federal jurisdiction in controversies between citizens of different states." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citation omitted). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995). As the party invoking federal court jurisdiction, Defendant bears the burden of establishing that the requirements of diversity jurisdiction are present by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp*., 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal jurisdiction.").

## III.    Analysis

"Where a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)); *Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1298 (D. Colo. 2009). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *McPhail*, 529 F.3d at 955 (emphasis in original). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

Here, the Court finds that Defendant does not prove, by a preponderance of the evidence, any jurisdictional facts establishing an adequate amount in controversy. Defendant merely alludes to the unspecified amount of punitive damages Plaintiff refers to in his request for relief. A trial court

may consider amounts claimed for punitive damages in determining whether the amount in controversy requirement is satisfied. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). However, Defendant offers no evidence indicating what monetary value the Court should attach to Plaintiff's request for punitive damages. Thus, Defendant fails to meet his burden of proof in articulating evidentiary grounds for the satisfaction of the jurisdictional minimum amount.

Notably, in a related case concerning the Plaintiff in this matter and relatives of the named Defendant, another District Judge *sua sponte* remanded the case back to state court for lack of subject matter jurisdiction. *Nagim v. Abraham*, No. 11-cv-00729-CMA-MEH, 2011 WL 1211394 (D. Colo. Mar. 31, 2011). The court concluded that the defendants' Notice of Removal did not establish the requisite jurisdictional amount by a preponderance of the evidence by relying solely on the plaintiff's stated claim for punitive damages. The court explained that the defendants failed to provide any evidentiary basis for the determination of an amount of potential punitive damages, thus any attempt by the court to do so would be improper speculation. This Court perceives no material difference between that matter and the case at hand.

**IV.    Conclusion**

Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion to Remand Case [filed April 4, 2011; docket #9] be **GRANTED** and Defendant's Motion to Dismiss [filed March 31, 2011; docket #6] be **DENIED AS MOOT**.

Respectfully entered and dated at Denver, Colorado, this 5th day of April, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge